(35 Misc. Rep. 452.)

### PEOPLE v. BUSHNELL.

(Supreme Court, Special Term, New York County. July, 1901.)

CRIMINAL LAW—EVIDENCE—ADMISSIBILITY.

A witness for the state in a criminal case, after testifying to admissions made by defendant in a conversation after the commission of the alleged crime, was allowed to state that he then accused the defendant of committing similar crimes, and of having been arrested therefor at different times, and of being convicted in a certain court, and stated that defendant had appropriated the money of his wife, and that he had a bad reputation, and witness would prosecute him unless he reformed. He also testified that he told defendant that the wife of the defendant had informed the witness of the commission of similar crimes by defendant, and that witness had investigated and was satisfied of the truth thereof. *Held* sufficient to authorize the granting of a certificate of probable cause for an appeal from a judgment of conviction.

George H. Bushnell was convicted of crime, and asked a certificate of probable cause. Certificate granted.

Amos H. Evans, for the motion.
E. A. Philbin, Dist. Atty., opposed.

McADAM, J. Assuming that the evidence adduced on the trial of the indictment justified the submission to the jury of the question whether the testimony of the alleged accomplice was sufficiently corroborated, the further question whether irrelevant and immaterial testimony prejudicial to the defendant was not admitted over due objection and exception remains to be considered. The testimony claimed by the moving party to have been improperly admitted consisted of a conversation had by the witness Comstock with the defendant at the witness' office, where the defendant called at Mr. Comstock's request. The said witness was allowed to state all the conversation he had with the defendant at that place. The witness, in the conversation detailed by him on the stand, not only testified to admissions made by the defendant with respect to the crime charged in the indictment, but also testified that he accused the defendant of committing the crime charged in the indictment at other times and with other persons than those mentioned therein; that the defendant's wife had called at the witness' office and made statements concerning criminal acts other than the one charged in the indictment, which statements the witness had investigated, and was satisfied they were true; and the witness further testified that in the said conversation he told the defendant that the defendant had been arrested and convicted in the Jefferson market police court; that the defendant was guilty of traducing the defendant's wife in the most scandalous manner; that the defendant had taken $1,500 of her money, and the witness could prove it by the defendant's checks and the stubs of his check books; that the defendant's wife had been true and loyal to him until she discovered his gross conduct; that the defendant had been arrested at one time in Syracuse for the same charge made in the indictment; that the defendant had the reputation of being a person guilty of the species of

crime for which he was on trial; and that unless he reformed the witness would take criminal proceedings against him. All this conversation, which occurred nearly five months after the commission of the offense charged in the indictment, appears to have been admitted in evidence on the theory that the statements made by the witness in the conversation were relevant as admissions of the defendant. An admission is a statement suggesting any inference as to any fact in issue, or relevant or deemed to be relevant to any such fact, made by or on behalf of any party to any proceeding. Chase, Steph. Dig. Ev. (2d Ed.) p. 57. If the defendant had admitted or confessed to the witness Comstock, or to anybody else, that he had committed other crimes similar to the one charged, and had a tendency to commit such crimes, could evidence of such admission or confession have been properly received? Plainly not. See People v. Sharp, 107 N. Y. 427, 14 N. E. 319, 1 Am. St. Rep. 851; Same v. McLaughlin, 150 N. Y. 365, 386, 44 N. E. 1017. And there is no logical reason why a different rule should be applied to a so-called admission by acquiescence from that applicable where an admission is expressly made. The witness Comstock was not only allowed to testify to the defendant's admission or confession, in the proper sense of that term, but he was permitted to give hearsay and opinion evidence and testimony of acts similar to, but not specifically connected with, the offense charged (res inter alios actæ). As the natural effect of such testimony on the jury was prejudicial to defendant (see People v. Kennedy, 164 N. Y. 455, 58 N. E. 652), I entertain a reasonable doubt as to whether the defendant was legally convicted of the heinous crime charged, and therefore grant the certificate applied for.